IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | | |
|---|---|---|
| Alvin Session, | ) | |
|      Petitioner, | ) | |
| | ) | |
| v. | ) | 1:16cv582 (AJT/TCB) |
| | ) | |
| Director, Va. Department of Corrections, | ) | |
|      Respondent. | ) | |

<u>MEMORANDUM OPINION</u>

Alvin Session, a Virginia inmate proceeding <u>pro se</u>, has filed a petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of convictions

entered in the Circuit Court of the City of Richmond.  Case Nos. CR13F02256 - 57.  Before this

Court is the respondent's Motion to Dismiss the petition.

**I. Background**

On July 9, 2013, a jury found petitioner guilty of robbery and use of a firearm in the

commission of a felony based on the following facts:

> [T]he evidence proved that around 3:30 a.m. on July 26, 2012, Misa
> Brown was walking home when she noticed two men in a white
> Buick with no hubcaps staring at her as it circled the block. She lost
> sight of them momentarily, but encountered the two men - appellant
> and a younger individual - on foot as she reached the entrance to her
> apartment building. The younger man turned to Brown and said, 'Get
> on the ground, bitch.' Brown saw that the younger man had a black
> handgun pointed at her head. Appellant was standing slightly behind
> and to the side of the younger man. Brown said that she would not
> get on the ground, to which the younger man replied, 'You better get
> on the ground or I'm going to shoot you.' Brown again refused to get
> on the ground. She then saw a car turn onto the street, and she
> dropped her purse where she was standing and ran toward the car.
> Brown looked back to see if she was followed, and she noticed
> appellant bend over to pick up something from the sidewalk. She
> could not see what appellant grabbed, but she testified that the only

thing on the ground was her purse. After appellant retrieved the item, the two men left together, running in the same direction.

Brown called the police and described the two men she had encountered and what they were wearing, as well as the vehicle they had been driving. A few minutes after receiving the call, Officer Virgil Burton of the Richmond Police Department found the white Buick with no hubcaps within walking distance from the scene of the robbery. Burton stopped the vehicle and detained both men. The driver surrendered a loaded black firearm upon exiting the vehicle. The younger man was driving and appellant was in the passenger seat, and both were wearing clothing that matched the description given by Brown. Searching the vehicle, Burton recovered Brown's purse from the passenger floorboard. Brown's credit cards and identification were still in the purse.

Session v. Commonwealth, R. No. 2459-13-2 (Va. Ct. App. June 26, 2014), slip op. at 2-3; Resp.

Ex. 3. Petitioner received a sentence of eleven (11) years imprisonment. Resp. Ex. 1.

Petitioner appealed the convictions to the Court of Appeals of Virginia, arguing that the

trial court erred in denying his motions to strike because the evidence was insufficient to prove

that a robbery occurred and, if it did, that he had committed or aided and abetted the robbery as a

principal or a principal in the second degree. The Court of Appeals concluded that "[t]he record

contains sufficient evidence to support the jury's verdict" and denied the appeal on June 26,

2014. Id.   The Supreme Court of Virginia refused petitioner's application for further review on

January 22, 2015. Session v. Commonwealth, R. No. 141143 (Va. Jan. 22, 2015); Resp. Ex. 4.

On August 3, 2015, petitioner filed a petition for a writ of habeas corpus in the Supreme

Court of Virginia, raising the following claims:

1. The trial proceedings violated his right to a speedy trial.

2. His rights to due process and a fair trial were violated when the prosecution exercised all of its preemptive

2

strikes against African Americans for reasons that were not race-neutral.

3.      His right to due process was violated when the court gave misleading and confusing jury instructions on the required elements of the offense.

4.      His rights to due process and a fair trial were violated by the totality of the prosecution's misconduct.

5(a).   He received ineffective assistance of counsel when his attorney failed to properly cross-examine and impeach the sole witness.

5(b).   He received ineffective assistance of counsel when his attorney failed to properly object to the prosecution's misconduct.

5(c).   He received ineffective assistance of appellate counsel when his attorney failed to present meritorious issues on appeal.

The petition was dismissed on March 14, 2016. <u>Session v. Director, Dep't of Corrections</u>, R. No. 151201 (Va. Mar. 14, 2016); Resp. Ex. 5.

Session then turned to the federal forum and timely filed the instant application for relief pursuant to §2254 on May 11, 2016, reiterating the claims raised in the state direct appeal and habeas corpus proceedings. On June 28, 2016, respondent filed a Motion to Dismiss with a supporting brief and exhibits, and provided petitioner with the notice required by <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7K. (Dkt. No. 9 - 12) Petitioner has filed no reply. Accordingly, this matter is ripe for disposition.

## II. Exhaustion

Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. 28 U.S.C. § 2254(b); <u>Granberry v Greer</u>, 481 U.S. 129 (1987); <u>Rose</u>

3

v. Lundy, 455 U.S. 509 (1982).  To comply with the exhaustion requirement, a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  Thus, a petitioner convicted in Virginia first must have presented the same factual and legal claims raised in his federal habeas corpus application to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition.  See, e.g., Duncan v. Henry, 513 U.S. 364 (1995).  Respondent acknowledges correctly that petitioner's claims have been exhausted.

### III. Procedural Default

Claims 1 through 4 of this federal petition are procedurally defaulted from federal review. If a state court finds, based on an adequate and independent state-law ground, that a claim is procedurally defaulted from review, then the claim is not reviewable in federal habeas.  See Coleman v. Thompson, 501 U.S. 722, 729-30 (1991); Williams v. French, 146 F.3d 203, 208-09 (4th Cir. 1998) (internal citations omitted).  A state procedural rule is "adequate" if it is "regularly or consistently applied by the state court," and is "independent" if its application does not depend on the federal Constitution.  Williams, 146 F.3d at 209 (internal citations omitted). The only exception to this rule is if the petitioner can show cause and prejudice for the default, or a fundamental miscarriage of justice, such as actual innocence.  See, e.g., Harris v. Reed, 489 U.S. 255, 262 (1989) (internal citations omitted).

Claims 1 through 4 of this petition, in which petitioner alleges trial court errors, were originally raised in his state habeas corpus proceeding.  In each instance, the Supreme Court of Virginia determined pursuant to Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680 (1974) that the

4

claim was barred because it was a non-jurisdictional issue that could have been raised on direct appeal and hence was not cognizable in a habeas corpus proceeding. Session v. Dir., supra, slip op. at 1-2. The Fourth Circuit has held consistently that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997). Thus, as petitioner has made no showing of cause and prejudice or a fundamental miscarriage of justice, claims 1 through 4 are procedurally barred from federal consideration.

## IV. Merits

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Whether a state court decision is "contrary to" or "an unreasonable application of" federal law requires an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court's determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court

decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

    Claim 5

    In claim 5 of this petition, petitioner contends that he received ineffective assistance of counsel at trial and on direct appeal.  To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984).  To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance" id. at 690.  Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket, 208 F.3d at 189 (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

    To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created

the possibility of prejudice, but rather "that they worked to his actual and substantial

disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v.

Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the

Strickland test are "separate and distinct elements of an ineffective assistance claim," and a

successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at

233. Therefore, a court need not review the reasonableness of counsel's performance if a

petitioner fails to show prejudice. Quesinberry v. Taylor, 162 F.3d 273, 278 (4th Cir. 1998).

 Claim 5

 In claim 5(a) of this petition, Session argues that trial counsel provided ineffective

assistance by failing to cross-examine and impeach the sole witness effectively. On habeas

corpus review, the Supreme Court of Virginia found no merit to this position for the following

reasons:

> In claim 5(a), petitioner contends he was denied the effective
> assistance of trial counsel because counsel failed to properly cross-
> examine and impeach the testimony of Misa Brown. Petitioner
> alleges Brown's testimony at trial that she saw petitioner 'scoop down
> and pick something up' but could not see what he picked up, was
> inconsistent with her preliminary hearing testimony when she
> testified she did not see 'anything at all because her back was turned
> as she ran away.' Petitioner alleges that when counsel attempted to
> impeach Brown with her prior testimony, the prosecutor objected,
> arguing the prior testimony was not inconsistent, and that instead of
> pursuing this line [of] inquiry, counsel acquiesced and ended his
> cross-examination.
>
> The Court holds that claim (5)(a) satisfies neither the 'performance'
> nor the 'prejudice' prong of the two-part test enunciated in Strickland
> v. Washington, 466 U.S. 668, 687 (1984). Petitioner fails to provide
> a transcript of the preliminary hearing or any support for his claim
> that Brown testified at the preliminary hearing that she did not see
> 'anything at all.' The record, including the trial transcript,
> demonstrates that the prosecutor asked Brown if she 'looked back'

after the robbery, and she testified that she 'took a look back to make sure, you know, nobody was running behind me.' She further testified that when she looked back, she saw Petitioner 'picking up something. I don't know exactly what it was, but the only thing at the time that was down there was my pocketbook.' On cross-examination, counsel proffered that, at the preliminary hearing, he asked Brown if she saw petitioner pick up her pocketbook and she answered 'no.' Counsel could reasonabl[y] have determined the preliminary hearing testimony he proffered was not inconsistent with Brown's trial testimony and decided the best course of action was to move on to another issue. Moreover, even if counsel successfully demonstrated that Brown did not see petitioner pick up anything, the evidence established petitioner participated in the robbery of Brown as a principal in the second degree or an aider and abettor to the commission of a crime.

'[T]o establish the defendant as an aider and abettor, he must be present and shown to have procured, encouraged, countenanced or approved commission of the crime; he must share the criminal intent of the actual perpetrator or be guilty of some overt act.' Hall v. Commonwealth, 225 Va. 533, 536, 303 S.E.2d 903, 904 (1983). The record, including the trial transcript, demonstrates that the co-defendant and petitioner, the driver and passenger of a vehicle, looked at Brown as she was standing on a corner in the early morning. The manner in which they looked at Brown concerned her and caused her to walk back to her apartment. As she walked, she noticed petitioner and the co-defendant circle around her in their car then approach her on foot. Petitioner stood right behind and to the side of the co-defendant as the co-defendant pointed a gun at Brown's head and demanded she get on the ground. Brown dropped her pocketbook and ran. Shortly afterwards, the police stopped a vehicle matching the description given by Brown and found petitioner and his co-defendant. Brown's pocketbook was found on the floorboard on the passenger side where petitioner had been sitting. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Session v. Dir., supra, slip op. at 2-3. For the reasons which are thoroughly expressed in the

foregoing order, the Supreme Court of Virginia's rejection of petitioner's present claim was

neither contrary to the clearly established federal law upon which it expressly relied nor based on

an unreasonable determination of the facts.  Accordingly,  the same result is compelled here.  <u>See</u>

<u>Williams</u>, 529 U.S. at  412-13.

In claim 5(b), Session contends that he received ineffective assistance of counsel when

his attorney failed properly to object to the prosecution's misconduct.  The Supreme Court of

Virginia rejected this argument for the following reasons:

> In a portion of claim 5(b), petitioner contends he was denied the effective assistance of trial counsel when counsel failed to properly object during closing argument when the prosecutor improperly claimed 'we can presume [petitioner] took [Brown's pocketbook],' and that petitioner was the person with the co-defendant who 'saw [Brown], [and] chased her.'

> The Court holds that this portion of claim (5)(b) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in <u>Strickland</u>.  The record, including the trial transcript, demonstrates the prosecutor did make the arguments petitioner claims.  Counsel could reasonably have determined, however, these arguments were reasonable inferences from the facts of the case and any objection would have been meritless.  '[T]he purpose of closing argument is to draw the jury's attention to the body of evidence that has been admitted into the record and to argue reasonable inferences that may be drawn from that evidence.'  <u>Wakole v. Barber</u>, 283 Va. 488, 492, 722 S.E.2d 238, 240 (2012).  Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

> In another portion of claim 5(b), petitioner contends he was denied the effective assistance of trial counsel when counsel failed to properly object during rebuttal argument when the prosecutor incorrectly informed the jury that they should 'reward the good, hard police work and stand up for the victim in this case, for what she had to go through.'

> The Court holds that this portion of claim (5)(b) fails to satisfy  the 'prejudice' prong of the two-part test enunciated in <u>Strickland</u>.  'An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.'  <u>Strickland</u>, 466 U.S. at 691.

9

'[T]he question is whether there is a reasonable probability that, absent the errors, the fact finder would have had a reasonable doubt respecting guilt.' Id. at 687. Here, the record, including the trial transcript, demonstrates that Brown identified petitioner as the man who stood 'right behind [the co-defendant] but to the side where he could see everything' as the co-defendant held a gun to Brown's head and told her to get on the ground. Moreover, petitioner and the co-defendant were apprehended by the police shortly after the crime in the same vehicle described by Brown. After police ordered petitioner out of the passenger side of the vehicle, Brown's pocketbook was recovered from the floorboard on the passenger side where petitioner had been sitting. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

In another portion of claim 5(b), petitioner contends he was denied the effective assistance of trial counsel when counsel failed to object during rebuttal argument when the prosecutor alluded to the fact that the co-defendant was petitioner's nephew, thus giving the impression that the co-defendant would look to the petitioner for guidance.

The Court holds that this portion of claim (5)(b) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland. The record, including the trial transcript, demonstrates counsel did object to the prosecutor's statement that the co-defendant was petitioner's nephew on the grounds that 'there's been no evidence of that.' The record further demonstrates that the trial court ruled it did not know if that fact was in evidence, 'so it's up to the jury [to remember what was said] and that's why I told the jury to pay attention.' Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Session v. Dir., supra, slip op. at 3-5. For the reasons which are cogently stated in the foregoing order, the Supreme Court of Virginia's rejection of petitioner's claim 5(b) was neither contrary to clearly established federal law nor based on an unreasonable determination of the facts. Accordingly, that result must not be disturbed. See Williams, 529 U.S. at 412-13.

In claim 5(c), of his petition, Session asserts that he received ineffective assistance of

10

appellate counsel when his attorney failed to present meritorious issues on appeal. The Supreme

Court of Virginia found no merit to this argument, as follows:

> The Court holds that claim (5)(c) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in <u>Strickland</u>. The selection of issues to address on appeal is left to the discretion of appellate counsel, and counsel need not address every possible issue on appeal. <u>Jones v. Barnes</u>, 463 U.S. 745, 751-52 (1983). Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

<u>Session v. Dir.</u>, <u>supra</u>, slip op. at 5.

As the Virginia court acknowledged, the <u>Strickland</u> analysis applies to claims of

ineffective assistance on appeal as well as at trial. <u>Matire v. Wainwright</u>, 811 F.2d 1430, 1435

(11th Cir. 1987). Because "appellate counsel is given wide latitude to develop a strategy," <u>Lovitt</u>

<u>v. Angelone</u>, 208 F.3d 172, 189 (2000), appellate counsel is not required to assert every

conceivable claim on appeal, and counsel's choice of which appellate issues to pursue is virtually

unassailable. <u>Jones</u>, 463 U.S. at 751-52. Here, there has been no showing that appellate

counsel's representation satisfies either prong of the <u>Strickland</u> analysis. Accordingly, the

Supreme Court of Virginia's rejection of Claim 5(c) was factually reasonable and in accord with

applicable federal principles, <u>Strickland</u>, <u>supra</u>, and that same result must be reached here.

<u>Williams</u>, 529 U.S. at 412-13.

Claim 6

In Claim 6 of this petition, Session argues as he did on direct appeal that the evidence was

insufficient to sustain his robbery conviction, because he was not a principal in the first or second

degree. After outlining the evidence presented at trial as quoted above, the Court of Appeals of

11

Virginia rejected petitioner's argument on the following holding:[1]

> 'A conviction for robbery requires proof beyond a reasonable doubt that the defendant alone, *or acting in concert with others*, took property from the victim by force, threats, or violence, and that the intent to steal co-existed with the force. Pugliese v. Commonwealth, 16 Va. App. 82, 92, 428 S.E.2d 16, 24 (1993) (emphasis added) (citing Pierce v. Commonwealth, 205 Va. App., 528, 532, 138 S.E.2d 28, 31 (1964)). While mere presence at the scene of a crime is insufficient,
>
>> proof that a person is present at the commission of a crime without disapproving or opposing it, is evidence from which, in connection with other circumstances, it is competent for the [fact finder] to infer that he assented thereto, lent to it his countenance and approval, and was thereby aiding and abetting the same.
>
> Id. at 93-94, 428 S.E.2d at 25. One who aids and abets a robbery is 'liable as a principal.' Pierce, 205 Va. at 534, 138 S.E.2d at 32. 'In Virginia, a perpetrator and principal in the second degree are equally liable for the crime[] of robbery.' Pugliese, 16 Va. App., at 93, 428 S.E.2d at 24 (citing Code § 18.2-18).
>
> In denying appellant's motion to strike, the trial court emphasized that the circumstances are not to be viewed as a 'snapshot in time' where appellant would simply be standing in the presence of a robbery, but that all the circumstances must be viewed as a whole. This includes testimony regarding appellant's conduct before, during and after the robbery: staring at and seeking out the victim, reaching down to pick up the purse, fleeing at the same time and in the same direction as the younger man, and being found a few minutes later in the same car with the victim's purse at his feet. The witnesses' testimony provided credible evidence for the record. Based on all the circumstances presented, we cannot say that the evidence was insufficient as a matter of law to sustain a conviction for robbery. As such, the trial court did not err in denying appellant's motions to

---

[1] Because the Supreme Court of Virginia refused further review of this point without explanation, the reasoning of the Court of Appeals is imputed to it. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

strike and submitted the case to the jury. A jury's verdict will not be disturbed unless it was plainly wrong or without evidence to support it. Code § 8.01-680; Stockton v. Commonwealth, 227 Va. 124, 145-46, 314 S.E.2d 371, 385, cert. denied, 469 U.S. 873 (1984); Albert v. Commonwealth, 2 Va. App. 734, 741-42, 347 S.E.2d 534, 538-39 (1986). The jury heard the testimony of the witnesses and observed their demeanor. Further, in addition to the elements of robbery, the jury was instructed on concert of action as well as principal in the second degree. The record contains sufficient evidence to support the jury's verdict, thus it will not be disturbed on appeal.

Session v. Commonwealth, supra, slip op. at 3-4.

On federal habeas review, the standard for a claim challenging the sufficiency of the evidence supporting a state conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis original). The federal court is required to give deference to findings of fact made by the state courts, and this presumption of correctness applies to facts found by both trial and appellate courts. 28 U.S.C. § 2254(d); Sumner v. Mata, 449 U.S. 539, 546-47 (1981); see Wilson v. Greene, 155 F.3d 396, 405-06 (4th Cir. 1998) (citing Wright v. West, 505 U.S. 277, 292 (1992) for the holding that a federal habeas court is prohibited from either "consider[ing] anew the jury's guilt determination or "replac[ing] the state's system of direct appellate review"). Instead, the federal court must determine only whether the trier of fact made a rational decision to convict. Herrera v. Collins, 506 U.S. 390, 402 (1993).

Here, for the reasons expressed in the Court of Appeals' opinion, it is apparent that a rational trier of fact could have found Session guilty of the robbery with which he was charged. See Jackson, 443 U.S. at 319. Accordingly, the state courts' denial of relief on this claim was neither contrary to, nor an unreasonable application of, clearly established federal law, nor was it

13

based on an unreasonable determination of the facts. Accordingly, the same result is compelled here. Williams, 529 U.S. at 412-13.

### V. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss this petition will be granted, and the petition will be dismissed with prejudice. An appropriate Order and judgment shall issue.

Entered this _____ 21st _____ day of ___ December _____ 2016.

Alexandria, Virginia

_____
Anthony J. Trenga
United States District Judge

14